## Case No. 10,825.

### PATTERSON v. BOWIE et al.

[1 Cranch, C. C. 425.] [1]

Circuit Court, District of Columbia.. July Term, 1807.

Ne Exeat—Virginia Statute—To Restrain Garnishee.

A ne exeat will not lie, under the laws of Virginia, to restrain a garnishee from going out of the District of Columbia.

Motion to discharge a ne exeat issued against Bowie, as garnishee of Ball.

Mr. W. Herbert, Jr., for garnishee, Bowie, contended that the act of Virginia of 26th of December, 1792, p. 115, provides for the case of restraining the garnishee from paying away the money, &c., by authorizing the court to require security, or by ordering the property to be given up to the plaintiff. A ne exeat does not lie against any but the principal debtor himself. 2 Har. Ch. Prac. 202–210. The affidavit is by Mr. Swann, who only swears that he believes the allegations of the bill to be true.

Mr. Swann, contrà, in support of the ne exeat. The original bill expressly charges that Bowie was indebted to Ball in three hundred and fifty dollars. Originally the ne exeat was a high prerogative writ, and supposed to issue only by order of the crown. But afterwards it issued in favor of a creditor. Wherever there would otherwise be a failure of justice the court of chancery will award it. It is not merely confined to a debtor, but may be issued against a person who may become liable by reason of his having property in possession which the plaintiff can subject to the payment of his debt. Jerningham v. Glass, 3 Atk. 409; 2 Har. Ch. Prac. 207. If the court has a right to order the property to be delivered over to the plaintiff, upon the return of the process, the court has a right and power to prevent its removal before return of process. By Act Va. Nov. 29, 1792, p. 67, § 50, a judge out of court may grant a ne exeat, and by Act Jan. 23, 1798, p. 375, § 4, he may discharge it. If the judge has not such a power, the attachment will be a mere notice to the garnishee to go out of the district with the effects. The affidavit is sufficiently certain; but if not, the answer of Bowie, supplies the defect, by not denying the allegation that he is indebted to the principal debtor, and by acknowledging that he had a vessel of Ball's in his possession at the time of the service of the subpœna. This court decided, in Patterson v. M'Laughlin [Case No. 10,828], in December, 1806, that the ne exeat would lie against an administrator.

Mr. Youngs, in reply. 1. It will not lie against any but a debtor of the plaintiff.

There is a difference between executors and garnishees. An executor is the only person against whom the plaintiff can recover. He is debtor to the amount of assets. The form of the writ shows that it must be a debt due from the defendant to the plaintiff. 2. The affidavit does not state positively a debt due from the principal debtor to the plaintiff nor from the garnishee to the debtor. 3. It is a personal writ; the garnishee cannot discharge the ne exeat by delivering up the property. There is no sum to guide as to the amount of security required, but the amount of the principal debt; the garnishee may not have any effects, or a very small sum. The garnishee is in no fault; but a debtor is in fault, and therefore it is right his person should be secured. So an executor who is going away with the goods. The statute for attachments provides for the case, and must be pursued. No other mode can be taken. The court can only require security to restrain the garnishees from paying away, &c. A judge out of court cannot make the order. The judge cannot give the marshal an alternative to take the ne exeat bond or receive the goods. The mode of restraint prescribed by the act is an exclusion of all other modes. The affidavit of Mr. Swann goes only to his belief of three facts, namely, that another bill has been filed to attach, &c., that Bowie is indebted to Ball, and that Bowie is going out of the District of Columbia. Executors and administrators only are entitled to swear to their belief.

THE COURT (nem. con.) quashed the ne exeat with costs of the motion, and ordered the bond to be cancelled. 1st. Because the affidavit was insufficient; and 2d. Because a ne exeat ought not to issue against a garnishee.

FITZHUGH, Circuit Judge, contrà, as to the 2d ground, thinking there might be cases in which there would be a defect of justice if a ne exeat could not issue.

[Subsequently the plaintiffs dismissed a chancery attachment, and the case was heard upon question of costs. Case No. 10,823.]

---

## Case No. 10,826.

### PATTERSON v. CAMPBELL.

[This is a state case, cited in Scott v. Hore, Case No. 12,535. Nowhere reported.]

---

PATTERSON (CENTENNIAL BOARD OF FINANCE v.). See Case No. 2,545.

PATTERSON (COMMERCIAL & FARMERS' BANK v.). See Case No. 3,056.

PATTERSON (ELLIS v.). See Case No. 4,405.

PATTERSON (JOHNSON v.). See Case No. 7,403.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]